IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JAMES FALKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 4:19-CV-00333 |
| | ) | |
| ST. CHARLES COUNTY, | ) | |
| | ) | |
| LARRY CRAWFORD, in his individual and official capacities, | ) ) | **Jury Trial Demanded** |
| | ) | |
| DANIEL KEEN, in his individual and official capacities, | ) ) | |
| | ) | |
| MICHAEL CRANE, in his individual capacity only, | ) ) | |
| | ) | |
| DAWN MOSES, in her individual capacity only | ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### Parties and Jurisdiction

1. Plaintiff James Falke is a resident of Missouri. At all times relevant, he was incarcerated in St. Charles County Jail ("County Jail") while awaiting trial.

2. Defendant St. Charles County is a political subdivision of the State of Missouri responsible for the operations at County Jail through the St. Charles County Department of Corrections ("County DOC").

3. Defendant Larry Crawford was the former Director of County DOC and was responsible for the operations at County Jail. He is sued in his individual and official capacities.

4. Defendant Daniel Keen is the current Director of County DOC and is responsible for the operations at County Jail. He is sued in his individual and official capacities.

1

5. Defendant Michael Crane was at all times relevant a corporal at County Jail. He is sued in his individual capacity only.

6. Defendant Dawn Moses was at all times relevant a nurse at County Jail. She is sued in her individual capacity only.

7. At all times relevant, Defendants were acting under color of state law.

8. This is a civil rights action arising under 42 U.S.C. § 1983 and the Eight and Fourteenth Amendments to the United States Constitution.

9. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Venue is proper since the Defendants are located in this District and the events giving rise to Plaintiff's claims occurred in this District.

10. Plaintiff requests a jury trial pursuant to F.R.C.P 38(b).

**Facts Common to All Counts**

11. Falke was incarcerated on April 16, 2018 under suspicion of driving while intoxicated and was a pre-trial detainee. Bond was initially set at $2,000.00.

12. Unable to make bail, Falke was forced to remain incarcerated. It wasn't until after his injury that bond was reduced to a manageable amount allowing Falke to get out of County Jail.

13. County Jail is supposed to be a secure correctional institute with trained staff capable of ensuring a safe and humane custody of inmates such as Falke.

14. During Falke's incarceration, Levi Wilson Lyda was also a County Jail inmate.

15. Lyda was in prison facing charges of torturing and killing his daughter's kitten in front of her. Charging documents indicated the cat had blunt force trauma, a broken right leg and appeared to be tortured. Blood was splattered in Lyda's daughter's room and the lifeless kitten was found in the backyard of his home.

16. On June 9, 2018, Lyda attacked Falke.

17. On that same day, after the attack, a County Jail officer entered a directive to keep Lyda away from Falke, through an Inmate Keep Separate Directive.

18. By creating an Inmate Keep Separate Directive, Defendants knew that Lyda posed a substantial risk of harm to Falke.

19. Inmate Keep Separate Directives must be followed by all County Jail officers.

20. On June 10, 2018, Defendant Crane place Lyda in a holding cell with Falke.

21. Lyda proceeded to brutally assault Falke, slamming his head against a concrete wall and causing serious injuries, including a collapsed lung, brain injury, and bruising.

22. No officer was watching the cell while Lyda beat Falke.

23. Allowing Lyda to be in a cell with Falke violated County Jail's Inmate Keep Separate Directive as well as its own policies and procedures.

24. Defendants were deliberately indifferent to a serious risk of harm to Falke when the allowed Lyda into Falke's holding cell on June 10, 2018.

25. Falke was seen by County Jail medical providers, including Defendant Moses. Falke requested he be taken to the hospital.

26. On June 10, 2018, Defendant Moses determined Falke had a moderate brain injury.

27. Falke sustained injuries to and was complaining about his head, neck, back and chest pain, including trouble breathing to County Jail medical staff.

28. Defendants knew Falke was seriously injured and needed the attention of doctors at a hospital but deliberately chose not to send him for twelve days.

29. Instead, despite his deliberate indifference in placing Lyda in Falke's cell on June 10th, Crane nevertheless recommended Falke spend five days in isolation, while seriously injured.

30. Falke spent multiple days in solitary confinement, with serious injuries, during which time Defendants intentionally failed to properly treat Falke.

31. During the entire time, Falke was in extreme pain and was denied proper medical treatment.

32. Finally, on June 22, 2018, Falke was taken to St. Joseph Hospital. Falke had a collapsed lung, which required surgical intervention.

33. In July of 2018, Falke's bond was again reduced to an amount that allowed him to get out of prison. Falke later pleaded guilty to a misdemeanor.

34. County has continuously and deliberately failed to train, supervise, control and discipline its employees who violate inmates' constitutional rights, showing a policy, custom and practice. Some examples include but are not limited to:

   a. Robert breeding died in County Jail after County refused to give him medical treatment[1];

   b. Correctional officers allowed Matthew Burnett to be attacked and seriously injured by other inmates. County officials placed Burnett in solitary confinement and refused to transfer him to the hospital[2];

   c. Leo Roland was robbed and threatened because of County officials' actions[3];

   d. Charles Goodson was assaulted by a man who County officials intentionally separated from him; he was denied medical treatment as well[4];

   e. Shaun Wilga was beaten by another inmate known to be dangerous[5];

---

[1] *Breeding v. St. Charles*, 4:15-cv-00539-RWS.
[2] *Burnett v. St. Charles County Jail*, 4:13-cv-01990.
[3] *Roland v. Cnty. Of St. Charles*, 4:15-cv-00966.
[4] *Goodson v. Cty. Of St. Charles Dep't of Corr.*, 4:14-cv-1845-NCC.
[5] *Wilga v. Crawford*, No. 4:17-cv-1457-CDP

  f. Physical intimidation and threats are an everyday occurrence at County Jail. Officers were even punished for reporting inmate abuse[6];

  g. Eric Smith and Allaedhin Qandah were abused, injured and refused treatment by County officials[7]

35. Defendants conduct was wanton, willful, deliberate and showed a reckless indifference to Falke's rights.

### Count I (All Defendants):
### Eighth and Fourteenth Amendment Violation for Failure to Protect; Substantial Risk of Harm Cognizable under 42 U.S.C. § 1983

36. Falke incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

37. County officials, including these Defendants, have a responsibility to take measures to guarantee the safety of inmates.  They have a responsibility to protect prisoners from violence at the hands of other prisoners.

38. County officials, including Defendants, have a responsibility to protect those incarcerated from unreasonable conditions that pose a substantial risk of serious harm.

39. Falke was incarcerated under conditions posing a substantial risk of serious harm.

40. Defendants knew Lyda posed a serious and substantial risk to Falke.

41. However, they nevertheless allowed the two to share a cell.

42. Defendants were deliberately indifferent to the risk of harm and injury to Falke, which ultimately occurred when Lyda brutally beat Falke.

43. Accordingly, Falke's constitutional rights were violated.

---

[6] *Schnur v. St. Charles*, 1411-CC00293.
[7] *Smith v. St. Charles County*, 4:18—cv-00171

44. As a direct and proximate result of the acts of the Defendants alleged herein, Falke was injured, including his head, neck, back, lungs, suffered contusions, required medical treatment, and has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

45. The conduct of the Defendants as set forth herein was wanton, willful, and showed a reckless indifference, justifying an award of punitive damages against them in their individual capacities to punish them and to deter them and others from engaging in similar conduct in the future.

WHEREFORE, Plaintiff Falke prays this Court to enter judgment in his favor and against Defendants and thereafter:

A. Award damages to Falke for medical treatment, emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress;

B. Award Falke punitive damages against Defendants in their individual capacities in such sum as this court believes will serve to punish them and to deter them and others from like conduct;

C. Award Falke the costs of this action, together with his reasonable attorneys' fees; and

D. Grant such other relief as may appear to the Court to be equitable and just under the circumstances.

## Count II (v. County, Moses and Keen):
## Eighth and Fourteenth Amendment Violations for Deprivation of Medical Care Amounting to Cruel and Unusual Punishment Cognizable under 42 U.S.C. § 1983

46. Falke incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

47. Falke suffered from objectively serious, painful medical needs including a brain injury and a collapsed lung.

48. Falke's medical needs were those which have been diagnosed by doctors and should be so obvious that even a layperson would easily recognize same.

49. Defendants County, Moses and Keen actually knew of the serious medical needs and deliberately disregarded them.

50. Accordingly, Falke's constitutional rights were violated.

51. As a direct and proximate result of the acts of the Defendants alleged herein, Falke was injured, including his head, neck, back, lungs, suffered contusions, required medical treatment, and has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

52. The conduct of the Defendants as set forth herein was wanton, willful, and showed a reckless indifference, justifying an award of punitive damages against them in their individual capacities to punish them and to deter them and others from engaging in similar conduct in the future.

WHEREFORE, Plaintiff Falke prays this Court to enter judgment in his favor and against Defendants and thereafter:

E. Award damages to Falke for medical treatment, emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress;

7

F. Award Falke punitive damages against Defendants in their individual capacities in such sum as this court believes will serve to punish them and to deter them and others from like conduct;

G. Award Falke the costs of this action, together with his reasonable attorneys' fees; and

H. Grant such other relief as may appear to the Court to be equitable and just under the circumstances.

### Count III (v. County, Keen and Crawford):
### Municipal Custom, Failure to Train, Control, Discipline and/or Supervise Cognizable Under 42 U.S.C. § 1983

53. Falke incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

54. Defendants County, Keen and Crawford, as a policy, custom and practice, have failed to train, control, discipline and supervise the employees who caused the constitutional deprivations set forth above.

55. These Defendants have overtly or implicitly authorized these constitutional deprivations by authorizing, approve, or knowingly acquiescing in the unconstitutional conduct of their subordinates as set forth above.

56. Defendants knew about the conduct at issue herein and facilitated it, approved it, condoned it, or turned a blind eye to if for fear of what he might see.

57. Through the policy, custom and practice, these became official policies of Defendants County, Keen and Crawford.

58. Defendants failures set forth herein were deliberately indifferent to the rights of others, including Falke.

59. As a direct and proximate result, Falke's constitutional rights were violated and he was seriously injured.

60. As a direct and proximate result of the acts of the Defendants alleged herein, Falke was injured, including his head, neck, back, lungs, suffered contusions, required medical treatment, and has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

61. The conduct of the Defendants as set forth herein was wanton, willful, and showed a reckless indifference, justifying an award of punitive damages against them in their individual capacities to punish them and to deter them and others from engaging in similar conduct in the future.

### Count IV (v. all Defendants):
### Civil Conspiracy

62. Falke incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

63. Defendants, acting under color of state law, conspired together, among themselves and others both inside and outside the County's employ, to reach deprive Falke of his constitutional rights and/or protect each other from liability.

64. Defendants shared the general conspiratorial objective which was to deprive Falke of his constitutional rights as set forth herein.

65. They furthered the conspiracy by deliberately allowing Falke's injury, confining him to solitary and precluding medical treatment.

66. As a direct and proximate result, Falke's constitutional rights were violated and he was seriously injured.

9

67. As a direct and proximate result of the acts of the Defendants alleged herein, Falke was injured, including his head, neck, back, lungs, suffered contusions, required medical treatment, and has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

68. The conduct of the Defendants as set forth herein was wanton, willful, and showed a reckless indifference, justifying an award of punitive damages against them in their individual capacities to punish them and to deter them and others from engaging in similar conduct in the future

WHEREFORE, Plaintiff Falke prays this Court to enter judgment in his favor and against Defendants and thereafter:

I. Award damages to Falke for medical treatment, emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress;

J. Award Falke punitive damages against Defendants in their individual capacities in such sum as this court believes will serve to punish them and to deter them and others from like conduct;

K. Award Falke the costs of this action, together with his reasonable attorneys' fees; and

L. Grant such other relief as may appear to the Court to be equitable and just under the circumstances.

        Respectfully submitted,

        PLEBAN & PETRUSKA LAW, LLC

by:    /s/ J.C. Pleban
        J.C. Pleban, MO Bar No. 63166
        jc@plebanlaw.com
        Lynette M. Petruska. MO Bar No. 41212
        lpetruska@plebanlaw.com
        C. John Pleban, MO Bar No. 24190
        cpleban@plebanlaw.com
        2010 S. Big Bend Blvd.
        St. Louis, MO 63117
        314-645-6666
        314-645-7376 (FAX)
        *Attorneys for Plaintiff*